Tulino v Pipa (2018 NY Slip Op 04022)





Tulino v Pipa


2018 NY Slip Op 04022


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2015-11680
 (Index No. 30527/07)

[*1]Eva Tulino, appellant, 
v
Valentin Pipa, et al., respondents.


Lindabury, McCormick, Estabrook & Cooper, P.C., New York, NY (Philip G. Pizzuto of counsel), for appellant.
Ramo, Nashak, Brown & Garibaldi LLP, Glendale, NY (Gregory Brown of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a declaration that the plaintiff is the owner of eight shares of stock in the defendant Hull Avenue Development Corporation, the plaintiff appeals from an order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated August 27, 2015. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action alleging that the defendant Valentin Pipa breached a written agreement by failing to pay her for eight shares of stock in the defendant Hull Avenue Development Corporation (hereinafter Hull), and that the plaintiff was entitled to the return of the shares under the terms of the agreement. In the order appealed from, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint.
The plaintiff failed to meet her prima facie burden of showing that she was entitled to the return of her shares in Hull (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The documents submitted by the plaintiff in support of her motion failed to establish what, if any, agreement she had entered into with Pipa. Since the plaintiff failed to make a prima facie showing, the Supreme Court properly denied her motion for summary judgment, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court